UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHRISTOPHER MIFFIN,**

    Petitioner,

v.                                                 Case No. 8:20-cv-122-T-33SPF

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on Christopher Miffin's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent seeks dismissal of the petition as time-barred. (Doc. 8). Miffin did not file a reply. Upon consideration, the petition is **DISMISSED AS TIME-BARRED**.

## PROCEDURAL HISTORY

Miffin was convicted after a jury trial of two counts of robbery with a firearm and was sentenced to life in prison as a prison releasee reoffender. (Doc. 8-2, Exs. 3, 4). The state appellate court *per curiam* affirmed the convictions and sentences. (Doc. 8-2, Ex. 7). Miffin's motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a) was denied. (Doc. 8-2, Exs. 9, 10). The state appellate court *per curiam* affirmed the denial of relief. (Doc. 8-2, Ex. 13). The state appellate court also denied Miffin's petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d). (Doc. 8-2, Exs. 16, 17).

Miffin filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and an amended motion. (Doc. 8-2, Exs. 18, 20). The state court denied

Miffin's claims. (Doc. 8-2, Ex. 21). The state appellate court *per curiam* affirmed the denial of relief. (Doc. 8-2, Ex. 24).

## UNTIMELINESS OF FEDERAL HABEAS PETITION

Under the Antiterrorism and Effective Death Penalty Act, Miffin's habeas petition is subject to the one-year statute of limitations set out in 28 U.S.C. § 2244(d)(1). A habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2).

Miffin's petition is untimely under § 2244(d)(1)(A). The state appellate court *per curiam* affirmed his convictions and sentences on September 12, 2014. (Doc. 8-2, Ex. 7). Miffin's judgment therefore became final on December 11, 2014, upon expiration of the 90-day period to petition the United States Supreme Court for a writ of *certiorari*. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Miffin's AEDPA limitations period began running the next day, December 12, 2014. Miffin had until December 14, 2015,[1] absent any statutory tolling, to file his federal habeas petition.

Miffin did not file any tolling applications in state court prior to this federal habeas deadline. He did not raise any collateral challenge to the convictions until December 16, 2015, when he constructively filed a Rule 3.800(a) motion to correct illegal sentence by providing it to prison officials for mailing. (Doc. 8-2, Ex. 9). Neither the Rule 3.800(a) motion nor any of Miffin's later state court applications had any tolling effect once the

---

[1] The one-year deadline of December 12, 2015, fell on a Saturday. Therefore, Miffin had until Monday, December 14, 2015, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

2

AEDPA filing deadline expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).[2]

## ACTUAL INNOCENCE

A petitioner may obtain review of his untimely § 2254 petition by demonstrating his actual innocence. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the impediment is "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet this threshold requirement, a petitioner must "persuade[ ] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The Court liberally interprets Miffin's petition as alleging his actual innocence. Grounds 10 through 13 allege the existence of evidence that would probably produce an acquittal on retrial, and Miffin contends that such evidence shows that another person or persons committed the offenses. However, the Court concludes that Miffin has not demonstrated his actual innocence so as to allow for the review of his untimely petition. As *Perkins* cautions, "tenable actual-innocence gateway pleas are rare[.]" 569 U.S. at

---

[2] Miffin does not contend that he is entitled to a later start date of the limitations period under 28 U.S.C. § 2244(d)(1)(D), which provides that a petition must be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." To be clear, Miffin is not entitled to a later start date under § 2244(d)(1)(D). Respondent has addressed this subsection because Grounds 10 through 13 of Miffin's habeas petition allege newly discovered evidence. As addressed in this Order, Grounds 10 through 13 involve statements from individuals who claim to have knowledge of his case. However, Miffin has not alleged when or how he discovered this information—which is all dated prior to the time his judgment and sentence became final in 2014—or when it could have been discovered through due diligence. *See Frederick v. Sec'y, Dep't of Corr.*, 481 F. App'x 472, 474 (11th Cir. 2012) (stating that "the only relevant inquiry [under § 2244(d)(1)(D)] is whether petitioner could have discovered the evidence at an earlier date.").

3

386. Accordingly, *Perkins* "underscore[s]" that this exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted'" the petitioner. *Id.* at 394-95 (quoting *Schlup*, 513 U.S. at 329). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove his innocence, Miffin must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Miffin does not present new reliable evidence of his actual innocence.[3] Miffin and his co-defendant Byron Bryant were charged in connection with armed robberies committed by two men travelling together in a vehicle in the early morning hours of January 19, 2011. In Ground Ten, Miffin argues that while he was in the county jail awaiting trial, he spoke to another inmate named Jamal Quarterman. Miffin contends that Quarterman stated that Quarterman was the passenger in the vehicle when the robberies occurred and that he did not understand why Miffin was in jail for robberies Miffin did not commit. (Doc. 1, p. 22).

However, the alleged comments by Quarterman do not establish Miffin's actual innocence for purposes of reviewing his untimely federal habeas petition. First, Miffin's claim is purely speculative because he does not present any affidavit from Quarterman or other evidence regarding Quarterman's alleged statement. Notwithstanding, Miffin fails to show that no reasonable juror would have convicted him in light of Quarterman's alleged

---

[3] For purposes of this actual innocence analysis, the Court will assume that the evidence Miffin cites is "new" because it was not presented at trial. *See, e.g., Rivas v. Fischer*, 687 F.3d 514, 543 (2d Cir. 2012) ("[N]ew evidence" is "evidence not heard by the jury."); *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) ("All *Schlup* requires is that the new evidence is reliable and that it was not presented at trial.").

4

statements. The victims identified Miffin as brandishing the gun during the robberies. (Doc. 10-1, record pp. 212-17, 323-28, 264-67, 331-34, 340-42). Byron Bryant testified at trial that Bryant and Miffin alone committed the robberies. (Doc. 10-1, record pp. 297-308). Further, evidence presented at trial indicates that Quarterman was investigated in connection with this case and was ruled out as a suspect. (Doc. 10-1, record pp. 268-69, 334-35, 337-39). Accordingly, Quarterman's alleged statements to Miffin are insufficient to establish Miffin's actual innocence for purposes of allowing review of his untimely federal habeas petition.

In Ground Eleven, Miffin states that after his conviction, he received an affidavit from a person named Johnny Davis that indicated "that the gun used in these robberies did not belong to petitioner, but belong[ed] to Mr. Bryant[.]" (Doc. 1, p. 23). Davis's June 14, 2013 affidavit provides that Davis knew that a silver .45 caliber gun purportedly used in the robberies belonged to Bryant, not Miffin. (Doc. 8-2, Ex. 18, Attachment B). However, Miffin has not explained how the ownership of the gun was relevant to the charges or demonstrates that he did not in fact commit the robberies. Considering the evidence of Miffin's guilt presented at trial, Miffin fails to show that no reasonable juror would have convicted him in light of the information contained in Johnny Davis's affidavit. Miffin does not establish his actual innocence based on the allegations contained in Ground Eleven.

In Ground Twelve, Miffin states that in prison, he "ran into another inmate from St. Petersburg" named Kevin Bynes. (Doc. 1, p. 25). According to Miffin, Bynes said that Jamal Quarterman confessed to Bynes that Quarterman committed the robberies. In his March 31, 2013 affidavit, Bynes averred that Quarterman said Quarterman and "Byron" were "hanging out and doing robb[er]ies one night" and went to a club, where Quarterman saw "Byron put a .45 silver gun under his seat in the car." (Doc. 8-2, Ex. 18, Attachment

5

C). However, the affidavit merely addresses undated events involving Quarterman and Bynes. It does not establish that Miffin is actually innocent of the robberies charged in this case. Accordingly, Miffin fails to show that no reasonable juror would have convicted him in light of the information contained in Bynes's affidavit.

Finally, in Ground Thirteen, Miffin contends he met another prison inmate named Lendwood Hall. Miffin states that Hall said that Hall "actually witnessed Mr. Bryant commit a robbery with the silver firearm, the petitioner described to him that was used in these robberies in the instant case." (Doc. 1, p. 27). Hall's July 19, 2013 affidavit provides that at the Sandman Hotel on January 19, 2011, at about 2:00 a.m., Hall saw "Byron standing over a man whipp[ing] him with a big silver gun, and [Hall] heard the man say stop I don't have anything." (Doc. 8-2, Exhibit 18, Attachment D). This statement is insufficient to show Miffin's actual innocence, as it contains no exculpatory information about Miffin. The robberies for which Miffin was charged did not take place at the Sandman Hotel, and the victims did not allege that they were hit with a gun. (Doc. 10-1, record pp. 189-203, 254-63). Even if Byron Bryant committed the acts described in the affidavit, that does not prove that Miffin did not commit the crimes for which he was convicted. The claim in Ground Thirteen is insufficient to show Miffin's actual innocence for purposes of overcoming the time bar in this § 2254 proceeding.

Miffin fails to meet his burden of establishing that no reasonable juror would have voted to convict him in light of the information allegedly showing his actual innocence. *See Perkins*, 569 U.S. at 386, 394-95. Because Miffin has not demonstrated his actual innocence, his petition must be dismissed as time-barred.[4]

---

[4] Miffin has not argued that he is entitled to equitable tolling that would allow for the consideration of his untimely petition. *See Holland v. Florida*, 560 U.S. 631 (2010).

6

Accordingly, Respondent's motion to dismiss Miffin's petition (Doc. 8) is **GRANTED**, and Miffin's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to enter judgment against Miffin and to **CLOSE** this case.

It is further **ORDERED** that Miffin is not entitled a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) limits the issuing of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Miffin must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is clearly time-barred and he fails to show that reasonable jurists would debate timeliness, Miffin is not entitled to a certificate of appealability. Consequently, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on September 25, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Christopher Miffin
Counsel of Record